# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN POOL,                          )
                                     )
                  Plaintiff,         )
                                     )
v.                                   )    Case No. 04-1265-JTM
                                     )
BOB ODELL, et al.,                   )
                                     )
                  Defendants.        )
_____)

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Reschedule Pretrial Conference and Amend Complaint (Doc. 39), which seeks to add a claim for relief against the remaining Defendant, Dr. Alvin Bird, for medical malpractice. Defendant Bird filed a response in opposition to the motion (Doc. 41), claiming that the proposed amendment is futile, dilatory, and unduly prejudicial to Defendant. Plaintiff filed a reply (Doc. 42), and Defendant filed a Surreply. (Doc. 46.)[1]

## BACKGROUND

Plaintiff filed suit against Cowley County Sheriff Bob Odell and George

---

[1] Plaintiff's reply was to have been filed by September 27, 2005, but was not filed until September 29, 2005. Defendant did not seek court permission to file a surreply and the local rules do not provide for such a pleading. *See e.g.,* D. Kan. Rule 7.1 (providing for a motion with supporting memorandum, a response and a reply). Notwithstanding the problems with these filings, the Court has considered the arguments made in both filings in reaching its decision.

Leirman, a supervising guard at the Cowley County Jail, on August 16, 2004, alleging that his constitutional rights were violated when he was denied medical treatment while being detained at the Cowley County Jail. (Doc. 1.) Specifically, Plaintiff claims that he repeatedly requested Xanax, a prescription drug that Plaintiff was taking at the time of his detention, but his requests were denied. While still detained, Plaintiff suffered a seizure, which caused the injuries for which he now seeks compensation. Odell and Leirman generally denied the allegations, claiming that Plaintiff did not request the prescription drug. (Doc. 3.)

On January 3, 2005, Plaintiff amended his Complaint to add a section 1983 claim against Dr. Alvin Bird, the Cowley County Jail physician from 2001 to 2004. (Doc. 15.) Plaintiff alleges that Bird was aware of Plaintiff's medical condition from prior incarcerations and that Bird knew of the Sheriff's decision to deny Plaintiff Xanax and did nothing to intervene.

A Revised Scheduling Order was entered on March 3, 2005, which re-set the discovery deadline for August 8, 2005, re-set the pretrial conference for September 20, 2005, re-set the dispositive motion deadline for October 12, 2005, re-set the trial date for April 4, 2006, and set a telephone status conference on June 28, 2005. (Doc. 22.)

At the June 28 status conference, a discussion was held concerning the

nature of Plaintiff's claims against Dr. Bird. Plaintiff indicated that he would either continue the § 1983 claim against Dr. Bird (without any medical malpractice claim) or, in the alternative, dismiss Dr. Bird from the case. Plaintiff was given until July 1, 2005, to make his decision on how he wanted to proceed against Dr. Bird and to advise all counsel.

On July 20, 2005, Plaintiff approved a stipulation through his counsel which stated that "he is not pursuing any type of medical malpractice claim against Alvin Bird, D.O." (Doc. 37.) Plaintiff later dismissed his claims against Odell and Leirman (Doc. 43), leaving Dr. Bird as the lone remaining defendant.

Another status conference was held with counsel on August 2, 2005. At that time the Court was advised that three depositions had been set and that the parties would be prepared to conduct the pretrial conference as scheduled on September 20, 2005.

On September 12, 2005, just eight days before the final pretrial conference, Plaintiff filed the present motion seeking to re-schedule the pretrial order and amend his complaint to add a medical malpractice claim against Dr. Bird. In his supporting memorandum, Plaintiff argued that the deposition of Dr. Bird "exposed a new theory" which had previously been abandoned by the prior stipulation. During a telephone conference on September 20, 2005, the Court continued the

pretrial conference to October 5, 2005, and set a deadline for Plaintiff to file any reply concerning the motion to amend.

## DISCUSSION

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires.  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given.  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

However, in this case, the deadline for filing motions to amend, December 15, 2004, has long passed.  (Doc. 7 at 5.)  When the Revised Scheduling Order was entered in March, 2005, there was no extension of this deadline because Plaintiff had already filed a motion to amend to add Dr. Bird, and that motion had been granted.  Furthermore, even under the Revised Scheduling Order, the deadline for Plaintiff to serve any expert disclosures expired on May 2, 2005.  Because expert testimony is almost always required in a medical malpractice case, the Plaintiff is, in essence, asking this Court to again amend the scheduling order to extend all those deadlines.  Accordingly, the Court will treat Plaintiff's motion as a motion to

amend the Scheduling Order.  *See* **Denmon v. Runyon**, 151 F.R.D. 404, 407 (D. Kan. 1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed. R. Civ. P. 16(b))

Amendments to the Scheduling Order are not freely given.  Fed. R. Civ. P. 16(b) provides that the Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the . . . magistrate judge."  To establish "good cause" the moving party must show that the scheduling order's deadline could not have been met with diligence.  **Denmon**, 151 F.R.D. at 407.  Lack of prejudice to the nonmovant does not establish good cause.  **Deghand v. WalMart Stores, Inc.**, 904 F.Supp. 1218, 1220 (D. Kan. 1995).

Plaintiff argues that he received an admission from Dr. Bird after the expiration of the deadline that Bird did not see Pool prior to allegedly prohibiting jailers from providing Pool's medication.  This explanation for delay is inadequate because it ignores the fact that Pool <u>himself</u> would have known whether Dr. Bird saw him prior to making a medical decision to deny his medications.  Pool cannot reasonably argue that he needed Bird's confirmation of that fact before he could amend his complaint to include such a claim.  Furthermore, Plaintiff's stipulation that he was not pursuing a medical malpractice claim was given after the expiration

of discovery and was also made after there had been discussion of whether Plaintiff was intending to state a claim for medical malpractice. Thus, Plaintiff has long been aware of the possibility of bringing a medical malpractice claim and it can be reasonably assumed that Plaintiff either had all of the facts that he needed prior to the stipulation or that he should have obtained those facts before he entered into such a stipulation. Under either circumstance, the motion to amend is untimely and without good cause.

In this case Plaintiff has been allowed to amend one time and the scheduling order has been extended at least once to allow additional discovery. In addition, the court has already had to re-set the trial date and the date for filing dispositive motions. If a motion to amend were now granted at this late date to allow an additional claim, particularly one requiring expert testimony, it would be difficult, if not impossible, to keep these current deadlines.

For all of the above reasons, the Court DENIES Plaintiff's Motion for Leave to Amend.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 4th day of October, 2005.

                                                s/ Donald W. Bostwick
                                                DONALD W. BOSTWICK
                                                United States Magistrate Judge